IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:09CR190-4 |
| --- | --- | --- |
| v. | : | |
| MARCUS DWAYNE PYLES | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, MARCUS DWAYNE PYLES, in his own person and through his attorney, George E. Crump, III, and state as follows:

1. The defendant, MARCUS DWAYNE PYLES, is presently under Indictment in case number 1:09CR190-4, which in Counts One and Three charge him with violations of Title 18, United States Code, Section 1951, interference with commerce by robbery; which in Count Two charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), carrying and using, by brandishing, a firearm in furtherance of a crime of violence; and which in Count Four charges him with a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and (c)(i)(C)(i), carrying and using, by brandishing, a firearm in furtherance of a crime of violence.

2. The defendant, MARCUS DWAYNE PYLES, will enter a voluntary plea of guilty to Counts One, Two and Three of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a

reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

  a. The defendant, MARCUS DWAYNE PYLES, understands that the maximum term of imprisonment provided by law for Counts One and Three of the Indictment is not more than twenty years, as to each count, and the maximum fine for Counts One and Three of the Indictment is $250,000, as to each count, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

  b. The defendant, MARCUS DWAYNE PYLES, also understands that, as to Counts One and Three of the Indictment, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, MARCUS DWAYNE PYLES, also understands that, as to Counts One and Three of the Indictment, the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses, pursuant to Title 18, United States Code, Section 3663A.

  d. The defendant, MARCUS DWAYNE PYLES, understands that the statutory penalty for Count Two of the Indictment provides that he shall be sentenced to imprisonment for not less than seven years; that such term of imprisonment cannot run concurrently with

any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence; and that he shall not be eligible for parole. Defendant MARCUS DWAYNE PYLES further understands that the maximum fine for Count Two of the Indictment is $250,000. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

  e. The defendant, MARCUS DWAYNE PYLES, also understands that as Count Two of the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  f. The defendant, MARCUS DWAYNE PYLES, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in

the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Counts One, Two and Three of the Indictment herein, the defendant, MARCUS DWAYNE PYLES, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MARCUS DWAYNE PYLES, is going to plead guilty to Counts One, Two and Three of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, MARCUS DWAYNE PYLES, to Counts One, Two and Three of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, MARCUS DWAYNE PYLES. This portion of the Plea Agreement

4

is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

  b. It is understood that if the Court determines at the time of sentencing that the defendant, MARCUS DWAYNE PYLES, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

  6. It is further understood that the United States and the defendant, MARCUS DWAYNE PYLES, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

  7. The defendant, MARCUS DWAYNE PYLES, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the

Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 3rd day of August, ~~July~~, 2009.

*George E. Crump, III*

ANNA MILLS WAGONER
United States Attorney

GEORGE E. CRUMP, III
Attorney for Defendant
NCSB No. 7676 PO Box 1523
Rockingham, N.C. 28380
919-997-5544

*Anand P. Ramaswamy /by LPA*

*Marcus Pyles*

ANAND P. RAMASWAMY
NCSB # 24991
Assistant United States Attorney

MARCUS DWAYNE PYLES
Defendant

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

6